### REIKES v. SULLIVAN.

(Supreme Court, Appellate Term.   June 1, 1906.)

PAYMENT—RECEIPT—EVIDENCE—QUESTION FOR JURY.

A receipt acknowledging payment of a certain sum is not conclusive evidence of the correctness of the sum therein stated; and, where the evidence as to the amount paid is conflicting, it should be submitted to the jury.

[Ed. Note.—For cases in point, see vol. 39, Cent. Dig. Payment, §§ 226, 248.]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Meyer Reikes against John W. Sullivan. Judgment for defendant. Plaintiff appeals. Reversed.

Argued before GILDERSLEEVE, DAVIS, and CLINCH, JJ.

Isaac Steinhaus, for appellant.

John J. Buckley, for respondent.

GILDERSLEEVE, J. Upon the trial of this action the principal question at issue was whether or not a receipt signed by the plaintiff and given to the defendant, as evidencing a payment made by him, had been changed so as to show a payment of $105, instead of $5 only. This receipt was in lead pencil writing, and the plaintiff testified that at the time he gave the receipt the defendant paid him but $5, and that the figures "1" and "0" had been prefixed to the figure "5" after the receipt had been given and signed by him. The defendant testified that this payment had been $105. It was conceded by the defendant that the sum of $9 was retained by him from the contract price agreed upon between the parties; but the defendant justified this retention by a claim that some work which plaintiff had agreed to perform had been left undone, and that he (defendant) had paid $12.50 to another party for doing it. This was denied by the plaintiff. At the close of the testimony, and over the objection of the plaintiff, the trial judge withdrew from the consideration of the jury all the questions of fact, except as to whether or not there was due the plaintiff, under the testimony, the sum of $9. This was error. There was conflicting evidence as to payment of the $105. The receipt was not conclusive evidence in favor of the defendant, and the testimony regarding it should have been submitted to the jury. For this error there must be a new trial.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.